**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| NORTHEASTERN UNIVERSITY and JARG CORP., | |
| Plaintiffs, | |
| v. | Civil Action No. 2:07-CV-486 (TJW) |
| GOOGLE INC., | **Jury Trial Demanded** |
| Defendant. | |

**GOOGLE, INC.'S ANSWER AND COUNTERCLAIMS TO
NORTHEASTERN UNIVERSITY AND JARG CORP.'S COMPLAINT
FOR PATENT INFRINGEMENT**

Pursuant to Rules 8 and 12(a)(4)(A) of the Federal Rules of Civil Procedure, Defendant Google Inc. ("Google") hereby responds to the Complaint for Damages and Injunctive Relief for Patent Infringement of Plaintiffs Northeastern University ("Northeastern") and Jarg Corporation ("Jarg") (collectively, "Plaintiffs"). Google denies each and every allegation contained in the Complaint that is not expressly admitted below. Any factual allegation below is admitted only as to the specific admitted facts, not as to any purported conclusions, characterizations, implications or speculations that arguably follow from the admitted facts. Google denies that Plaintiffs are entitled to the relief requested or any other relief.

**ANSWER**

1.      Google admits that Plaintiffs' claims for patent infringement purport to arise under the Patent Laws of the United States, 35 U.S.C. §§ 100, *et seq*., but denies that such claims have merit. Google admits that this Court has subject matter jurisdiction over Plaintiffs' patent infringement claims pursuant to 28 U.S.C. §§ 1331 and 1338(a).

1

Dockets.Justia.com

2.      Google admits that it engages in business activities via the Internet, which can be accessed in Texas, and in this District.  Google specifically denies that it has committed, contributed to, or induced acts of patent infringement in this or any other District.  Google denies the remaining allegations of paragraph 2.

3.      On information and belief, Google admits that Northeastern is a university organized and existing under the laws of the State of Massachusetts and has its principal executive offices at 716 Columbus Avenue, Boston, MA 02120.

4.      Google lacks sufficient knowledge to admit or deny the allegations of paragraph 4 and therefore denies those allegations.

5.      On information and belief, Google admits that Jarg is a corporation organized and existing under the laws of the State of Delaware and has its principal executive offices at 330 Bear Hill Rd., Waltham, MA 02451.

6.      Google lacks sufficient knowledge to admit or deny the allegations of paragraph 6 and therefore denies those allegations.

7.      Google lacks sufficient knowledge to admit or deny the allegations of paragraph 7 and therefore denies those allegations.

8.      Google admits that U.S. Patent No. 5,694,593 ("the '593 patent") is entitled "Distributed and Computer Database System and Method" and that Kenneth P. Baclawski is identified on the face of the '593 patent as its inventor.  Google denies the remaining allegations of paragraph 8.

9.      Google admits that Northeastern University is identified on the face of the '593 patent as its assignee.  Google lacks sufficient knowledge to admit or deny the remaining allegations of paragraph 9 and therefore denies those allegations.

10.     Admitted.

11.     Google admits that it offers search engine services through its website www.google.com.  Google denies the remaining allegations of paragraph 11.

12.     Because the allegations of paragraph 12 are not sufficiently specific, Google lacks sufficient knowledge to admit or deny them and therefore denies those allegations.

13.     Because the allegations of paragraph 13 are not sufficiently specific, Google lacks sufficient knowledge to admit or deny them and therefore denies those allegations.

14.     Because the allegations of paragraph 14 are not sufficiently specific, Google lacks sufficient knowledge to admit or deny them and therefore denies those allegations.

15.     Because the allegations of paragraph 15 are not sufficiently specific, Google lacks sufficient knowledge to admit or deny them and therefore denies those allegations.

16.     Because the allegations of paragraph 16 are not sufficiently specific, Google lacks sufficient knowledge to admit or deny them and therefore denies those allegations.

17.     Admitted.

18.     Admitted.

19.     Admitted.

20.     Admitted.

21.     Admitted.

22.     Google lacks sufficient information to admit or deny the allegations of paragraph 22 and on that basis denies them.

23.    Admitted.

24.    Because the allegations of paragraph 24 are not sufficiently specific, Google lacks sufficient knowledge to admit or deny them and therefore denies those allegations.

25.    Admitted.

26.    Google denies that it has directly and/or indirectly infringed any claim of the '593 patent.  Google further denies the remaining allegations of paragraph 26.

27.    Denied.

28.    Denied.

29.    Google is a responsible corporate citizen and conducts itself reasonably, as such Google takes allegations of patent infringement seriously.  Plaintiffs do not allege that they or any of their predecessors in interest ever provided notice to Google of the alleged infringement of the '593 patent, nor do Plaintiffs assert that Google had knowledge of '593 patent prior to Plaintiffs' complaint, nor do Plaintiffs assert that the alleged infringement of the '593 patent by Google is willful.  Furthermore, to answer allegations in paragraph 29 inherently requires the disclosure of potential attorney-client privilege and/or work product information, rendering the allegation improper, and therefore on this basis Google denies paragraph 29.

30.    Google acknowledges that Plaintiffs have demanded a jury trial.

## PLAINTIFFS' PRAYER FOR RELIEF

Google denies the allegations of Plaintiffs' Prayer for Relief against Google and denies that Plaintiffs are entitled to any relief whatsoever.

## AFFIRMATIVE DEFENSES

Google asserts the following affirmative defenses in response to Plaintiffs' Complaint. Google reserves the right to allege additional affirmative defenses as they become known throughout the course of discovery.

### FIRST AFFIRMATIVE DEFENSE

31.    Google has not infringed and does not currently infringe (either directly, contributorily, or by inducement) any valid claim of the '593 patent.

### SECOND AFFIRMATIVE DEFENSE

32.    The claims of the '593 patent are invalid and unenforceable because they fail to satisfy one or more conditions for patentability set forth in 35 U.S.C. § 101 *et seq.*, including, without limitation, Sections 101, 102, 103, and 112.

### THIRD AFFIRMATIVE DEFENSE

33.    Plaintiffs' claims are barred, in whole or in part, by the equitable doctrines of laches, unclean hands, estoppel and/or waiver.

### FOURTH AFFIRMATIVE DEFENSE

34.    Plaintiffs' claims are barred by the doctrine of prosecution history estoppel based on statements, representations and admissions made during prosecution of the patent application resulting in the '593 patent and in related patent applications.

### FIFTH AFFIRMATIVE DEFENSE

35.    Plaintiffs' claims for damages are statutorily limited by 35 U.S.C. §§ 286 and/or 287.

### SIXTH AFFIRMATIVE DEFENSE

36.    Plaintiffs' claim for injunctive relief is barred because there exists an adequate remedy at law and Plaintiffs' claims otherwise fail to meet the requirements for such relief.

## GOOGLE'S COUNTERCLAIM FOR DECLARATORY RELIEF

Google, for its counterclaim against Plaintiffs Northeastern and Jarg, states and alleges as follows:

### Nature of the Action

37.    This counterclaim seeks a declaratory judgment of noninfringement and invalidity of the '593 patent asserted by Plaintiffs in this action.  Google seeks judgment under the patent laws of the United States, 35 U.S.C. § 101, et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

### Parties

38.    Google is a Delaware corporation with a principal place of business at 1600 Amphitheatre Parkway, Mountain View, California 94043.

39.    On information and belief, Northeastern University is a university organized and existing under the laws of the State of Massachusetts and has its principal place of business at 716 Columbus Avenue, Boston, MA 02120.

40.    On information and belief, Jarg Corporation is a corporation organized and existing under the laws of the State of Delaware and has its principal place of business at 330 Bear Hill Rd., Waltham, MA 02451.

### Jurisdiction and Venue

41.    This court has subject matter jurisdiction over this counterclaim pursuant to 28 U.S.C. §§ 1331 and 1338, the patent laws of the United States set forth at 35 U.S.C. §§ 101 *et seq*., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

42.    Plaintiffs Northeastern and Jarg have consented to the personal jurisdiction of this Court by commencing their action for patent infringement in this judicial district, as set forth in Plaintiffs' Complaint.

43.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b), (c) and 1400(b).

## Count I

### (Declaratory Relief Regarding Non-Infringement)

44.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Google requests a declaration of the Court that Google has not infringed and does not currently infringe any claim of the '593 patent, either directly, contributorily, or by inducement.

## Count II:

### (Declaratory Relief Regarding Invalidity)

45.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 *et seq.*, Google requests a declaration of the Court that the '593 patent is invalid because it fails to satisfy conditions for patentability specified in 35 U.S.C. § 101 *et seq.*, including, without limitation, sections 101, 102, 103, and/or 112.

## PRAYER FOR RELIEF

WHEREFORE, Google respectfully requests that this Court enter judgment in Google's favor against Northeastern and Jarg, and issue an order:

1.    That Google has not infringed and is not infringing, either directly, indirectly, or otherwise, any valid claim of the '593 patent;

2.    That the claims of the '593 patent are invalid;

3.      A permanent injunction preventing Northeastern and Jarg, including their officers, agents, employees and all persons acting in concert or participation with Northeastern and Jarg, from charging that the '593 patent is infringed by Google;

4.      That Northeastern and Jarg take nothing by their Complaint;

5.      Denying Northeastern and Jarg's request for injunctive relief;

6.      Dismissing Northeastern and Jarg's Complaint with prejudice;

7.      Declaring this case to be exceptional and awarding Google its costs, expenses and reasonable attorney fees incurred in this action; and

8.      Awarding any other such relief as is just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 30 of the Federal Rules of Civil Procedure, Google hereby requests a trial by jury for all issues so triable.

/ / /

/ / /

/ / /

Dated:  January 11, 2008

Respectfully submitted,

FISH & RICHARDSON P.C.


By:    /s/ Michael E. Jones
      Michael E. Jones (SBN 10929400)
      mikejones@potterminton.com
      POTTER MINTON
      A Professional Corporation
      110 N. College, Suite 500
      Tyler, TX 75702
      Telephone:  (903) 597-8311
      Facsimile:  (903) 593-0846

      Ruffin B. Cordell (SBN 04820550)
      cordell@fr.com
      FISH & RICHARDSON P.C.
      1425 K Street, N.W., 11th Floor
      Washington, DC 20005-3500
      Telephone:  (202) 783-5070
      Facsimile:  (202) 783-2331

      Howard G. Pollack (*Admitted Pro Hac Vice*)
      pollack@fr.com
      Shelley K. Mack (*Admitted Pro Hac Vice*)
      mack@fr.com
      Jerry T. Yen (CA SBN 247988)
      yen@fr.com
      FISH & RICHARDSON P.C.
      500 Arguello Street, Suite 500
      Redwood City, CA 94063
      Telephone:  (650) 839-5070
      Facsimile:  (650) 839-5071

      Attorneys for Defendant
      GOOGLE INC.

50458379.doc

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on January 11, 2008 to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system per Local Rule CV-5(a)(3).  Any other counsel of record will be served by U.S. Mail.


$\phantom{xxxxxxxxxxxxxxxxxxxxxxxxxxx}$ */s/ Michael E. Jones*
$\phantom{xxxxxxxxxxxxxxxxxxxxxxxxxxxx}$ Michael E. Jones

50458379.doc