# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
### MARSHALL DIVISION

| | |
|---|---|
| NORTHEASTERN UNIVERSITY and JARG CORPORATION,<br><br>        Plaintiffs,<br><br>v.<br><br>GOOGLE INC.,<br>        Defendant. | Civil Action No. 2:07-cv-486-CE<br><br>JURY TRIAL DEMANDED |

## AGREED PROTECTIVE ORDER

To expedite the flow of discovery materials, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the parties are entitled to keep confidential, to ensure that only materials the parties are entitled to keep confidential are subject to such treatment, and to ensure that the parties are permitted reasonably necessary uses of such materials in preparation for and in the conduct of trial, pursuant to Fed. R. Civ. P. 26(c), it is HEREBY ORDERED THAT:

## INFORMATION SUBJECT TO THIS ORDER

Discovery materials produced in this case may be labeled as one of three categories: CONFIDENTIAL, CONFIDENTIAL ATTORNEYS' EYES ONLY and RESTRICTED CONFIDENTIAL - SOURCE CODE, as set forth in Items A-C below. All three of the identified categories of information shall be identified collectively in this Order by the title "Protected Information." Any documents derived from or containing "Protected Information" must also be designated with the appropriate category of confidentiality, according to the terms of this Order.

Dockets.Justia.com

**A.      Information Designated as Confidential Information**

1.      For purposes of this Order, "CONFIDENTIAL INFORMATION" shall mean all information or material produced for or disclosed to a receiving party that a producing party, including any party to this action and any non-party producing information or material voluntarily or pursuant to a subpoena or a court order, considers to constitute or to contain trade secrets or other confidential research and development, technical, sales, marketing, financial, personnel, customer, vendor, or other commercial information, whether embodied in physical objects, documents, or the factual knowledge of persons, and which has been so designated by the producing party.  Any CONFIDENTIAL INFORMATION obtained by any party from any person pursuant to discovery in this litigation may be used only for purposes of this litigation.

2.      Any document or tangible thing containing or including any CONFIDENTIAL INFORMATION may be designated as such by the producing party by marking it "CONFIDENTIAL" prior to or at the time copies are furnished to the receiving party.

3.      All CONFIDENTIAL INFORMATION not reduced to documentary, tangible or physical form, or which cannot be conveniently designated as set forth in paragraph 2, shall be designated by the producing party by informing the receiving party of the designation in writing.

4.      Except as otherwise provided in paragraph 9, any documents (including physical objects) made available for inspection by counsel for the receiving party prior to producing copies of selected items shall initially be considered, as a whole, to constitute CONFIDENTIAL ATTORNEYS' EYES ONLY information and shall be subject to this Order. Thereafter, the producing party shall have a reasonable time to review and designate the appropriate documents as CONFIDENTIAL, CONFIDENTIAL ATTORNEYS' EYES ONLY or RESTRICTED CONFIDENTIAL - SOURCE CODE prior to furnishing copies to the receiving party.

5.     The following are examples of information that is not CONFIDENTIAL INFORMATION:

a.     Published advertising materials;

b.     Any information which is or, after its disclosure to a receiving party, becomes part of the public domain as a result of publication not involving a violation of this Order;

c.     Any information that the receiving party can show by written records was already known to it prior to the disclosure, provided that it was either 1) received from the producing party and was not received under an obligation of confidentiality to the producing party, or 2) received from a source who obtained the information lawfully and under no obligation of confidentiality to the producing party;

d.     Any information which the receiving party can show by written records was received by it after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the producing party; and

e.     Any information which the receiving party can show was independently developed by it after the time of disclosure by personnel who did not have access to the producing party's CONFIDENTIAL INFORMATION.

6.     Documents designated CONFIDENTIAL and information contained therein shall be available only to:

a.     Outside litigation counsel of record and supporting personnel employed in or by the law firm(s) of outside litigation counsel of record, such as attorneys, paralegals, legal translators, legal secretaries, legal clerks, commercial copy vendors, and shorthand reporters;

b.     Technical advisers and their necessary support personnel, subject to the provisions of paragraphs 12-17 herein, and who have signed the form attached hereto as Attachment A;

c.     Up to three (3) in-house counsel with responsibility for managing this litigation, up to three (3) employees in a party's legal department necessary to assist them in this litigation (i.e. clerical staff or paralegals), and one employee of a party who either has responsibility for making decisions dealing directly with the litigation in this action or who is assisting outside counsel in preparation for proceedings in this action who have signed the form attached hereto as Attachment A;

d.     The Court, its personnel and stenographic reporters (under seal or with other suitable precautions determined by the Court);

e.     Independent legal translators retained to translate in connection with this action, and independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action;

f.     Graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in the action, or non-technical jury or trial consulting services, not including mock jurors, and who have signed the form attached hereto as Attachment A; and

g.     With respect to a particular document, an individual who is shown on the face of the document to have been an author, source, or recipient of the document.

**B.     Information Designated Confidential Attorneys' Eyes Only**

7.     The CONFIDENTIAL ATTORNEYS' EYES ONLY designation is reserved for CONFIDENTIAL INFORMATION that constitutes commercially sensitive competitive

information which is likely to cause harm to the competitive position of the producing party; CONFIDENTIAL information obtained from a nonparty pursuant to a current Nondisclosure Agreement ("NDA"); and settlement agreements or settlement communications, the disclosure of which is likely to cause harm to the competitive position of the producing party. In determining whether information should be designated as CONFIDENTIAL ATTORNEYS' EYES ONLY, each party agrees to use such designation only in good faith.

8. Documents designated CONFIDENTIAL ATTORNEYS' EYES ONLY and information contained therein shall be available only to:

a. Outside litigation counsel of record and supporting personnel employed in the law firm(s) of outside litigation counsel of record, such as attorneys, paralegals, legal translators, legal secretaries, legal clerks, commercial copy vendors, and shorthand reporters;

b. Technical advisers and their necessary support personnel, subject to the provisions of paragraphs 12-17 herein, and who have signed the form attached hereto as Attachment A;

c. The Court, its personnel and stenographic reporters (under seal or with other suitable precautions determined by the Court);

d. Independent legal translators retained to translate in connection with this action, and independent stenographic reporters and videographers retained to record and transcribe testimony in connection with this action;

e. Graphics, translation, or design services retained by counsel for purposes of preparing demonstrative or other exhibits for deposition, trial, or other court proceedings in the action, and non-technical jury or trial consulting services, not including mock jurors, and who have signed the form attached hereto as Attachment A; and

f. With respect to a particular document, an individual who is shown on the face of the document to have been an author, source, or recipient of the document.

## C. Information Designated Restricted Confidential - Source Code

Documents or other things that are designated CONFIDENTIAL INFORMATION and contain a party's source code may be designated "RESTRICTED CONFIDENTIAL-SOURCE CODE" if they constitute confidential, proprietary and/or trade secret source code or object code. Other documents or things that include confidential, proprietary and/or trade secret source code or object code may be designated RESTRICTED CONFIDENTIAL - SOURCE CODE only if confidential, proprietary and/or trade secret source code or object cannot reasonably be segregated from the document or thing. The source code may be made available for review at a single secure site at the producing party's discretion, either (1) at the producing party's counsel's office or (2) at another single secure site selected by the Producing Party. Source code from a Producing Party will be made available for inspection at the Dallas office of counsel of record for the Producing Party, though the parties agree that reasonable accommodations will be made to make such source code available for inspection at other offices of counsel of record for the Producing Party, or at the offices of the Producing Party, with adequate and sufficient notice to the Receiving Party. The following conditions shall govern the production, review and use of source code information.

9. All source code produced shall be deemed designated as "RESTRICTED CONFIDENTIAL — SOURCE CODE." Nothing in this Protective Order shall obligate the parties to produce any source code or act as an admission that any particular source code is relevant or discoverable. However, if material designated as RESTRICTED CONFIDENTIAL—SOURCE CODE is produced, it shall be subject to the following provisions.

Moreover, all such source code, and any other Protected Information designated as "RESTRICTED CONFIDENTIAL — SOURCE CODE," shall be subject to the following provisions:

a.      All source code will be made available by the producing party to the receiving party's outside counsel and/or technical advisors in a private room on a secured computer without Internet access or network access to other computers, as necessary and appropriate to prevent and protect against any unauthorized copying, transmission, removal or other transfer of any source code outside or away from the computer on which the source code is provided for inspection (the "Source Code Computer"). The producing party shall be obligated to install such tools or programs necessary to review and search the code produced on the platform produced.

b.      The receiving party's outside counsel and/or technical advisors shall be entitled to take notes relating to the source code, but may not copy the source code into the notes.  Such notes shall be subject to the provisions of section 9(g), below.  No copies of all or any portion of the source code may leave the room in which the source code is inspected except as otherwise provided herein.  Further, no other written or electronic record of the source code is permitted except as otherwise provided herein.

c.      The producing party shall make available a laser printer with commercially reasonable printing speeds for on-site printing during inspection of the code. The receiving party may print portions of the source code on colored paper only when reasonably necessary to facilitate the receiving party's preparation of the case, including when reasonably necessary to prepare any filing with the Court or to serve any pleadings or other papers on any other party; to prepare internal attorney work product materials; or to prepare

other necessary case materials such as testifying expert reports, consulting expert written analyses and related drafts and correspondences. The receiving party shall print only such portions as are reasonably necessary for the purposes for which any part of the source code is printed at the time. Upon printing any such portions of source code, the printed pages shall be collected by the producing party. The producing party shall Bates number, copy on colored paper, and label "RESTRICTED CONFIDENTIAL - SOURCE CODE" any pages printed by the receiving party. If the producing party objects that the printed portions are not reasonably necessary to any case preparation activity, the producing party shall make such objection known to the receiving party within five (5) business days. If after meeting and conferring the producing party and the receiving party cannot resolve the objection, the producing party shall be entitled to seek a Court resolution of whether the printed source code in question is not reasonably necessary to any case preparation activity. In the absence of any objection, the producing party shall provide one copy set of such pages on colored paper to the receiving party at the conclusion of the five (5) business day objection period. In the event an objection is made, the producing party shall provide one copy set of such pages on colored paper to the receiving party within five (5) business days of resolution of the objection by the Court, and shall retain one copy set. The printed pages shall constitute part of the source code produced by the producing party in this action.

    d.  A list of names of persons who will view the source code will be provided to the producing party in the event of any breach of any of the security provisions governing source code set forth in this Order. The receiving party shall maintain a daily log of the names of persons who enter the locked room to view the source code and when they enter

and depart. The producing party shall be entitled to have a person observe all entrances and exits from the source code viewing room.

e.      Unless otherwise agreed in advance by the parties in writing, following each inspection, the receiving party's outside counsel and/or technical advisors shall remove all notes, documents, laptops, and all other materials from the room that may contain work product and/or attorney-client privileged information. The producing party shall not be responsible for any items left in the room following each inspection session.

f.      Other than as provided in Paragraph 9(c) above, the receiving party will not copy, remove, or otherwise transfer any source code from the Source Code Computer including, without limitation, copying, removing, or transferring the source code onto any other computers or peripheral equipment. The receiving party will not transmit any source code in any way from the producing party's facilities or the offices of its outside counsel of record.

g.      The receiving party shall maintain and store any paper copies of the source code or notes related to such source code (as referenced in paragraph b of this section) at its offices in a manner that prevents duplication of or unauthorized access to the source code or notes, including, without limitation, storing the source code or notes in a locked room or cabinet at all times when it is not in use;

h.      The Receiving Party's outside counsel of record shall maintain a log of all copies of the source code (received from a Producing Party) that are provided by the Receiving Party to any qualified person under sub-paragraph (m) below of this section. The log shall include the names of the recipients and reviewers of copies and locations where the copies are stored. Any paper copies of source code shall be stored or viewed only at (i) the

offices of outside counsel for the Receiving Party, (ii) the offices of Technical Advisors who have been approved to access source code under paragraphs 12-17; (iii) the site where any deposition is taken; (iv) the Court; or (v) any intermediate location necessary to transport the information to a hearing, trial or deposition. Any such paper copies shall be maintained at all times in a locked and secure location. The producing party shall be entitled to a copy of the log the event of any breach of any of the security provisions governing source code set forth in this Order, and at the conclusion of the litigation.

      i.     The receiving party may include excerpts of source code in a pleading, exhibit, expert report, discovery document, deposition transcript, other Court document, or any drafts of these documents ("SOURCE CODE DOCUMENTS"). The receiving party shall only include such excerpts as are reasonably necessary for the purposes for which such part of the source code is used. As an example, excerpts of approximately 25 to 40 lines in length would be allowed.

      j.     To the extent portions of source code are quoted in a SOURCE CODE DOCUMENT, either (1) the entire document will be stamped RESTRICTED CONFIDENTIAL — SOURCE CODE or (2) those pages containing quoted source code will be separately bound, and stamped as RESTRICTED CONFIDENTIAL — SOURCE CODE. All SOURCE CODE DOCUMENTS shall be filed under seal.

      k.     All paper copies shall be securely destroyed if they are no longer necessary in the litigation (e.g. extra copies at the conclusion of a deposition). Copies of source code that are marked as deposition exhibits shall not be provided to the Court Reporter or attached to deposition transcripts; rather, the deposition record will identify the exhibit by its production numbers.

l.        The Receiving Party may not create electronic images, or any other images, of the source code from the paper copy for use on a computer (e.g., may not scan the source code to a PDF, or photograph the code).  The Receiving Party may create an electronic copy or image of selected portions of the source code only when reasonably necessary to accomplish any filing with the Court or to serve any pleadings or other papers on any other party (including expert reports), or when reasonably necessary in its internal correspondence in the case, provided that (1) not more than 50 pages of source code are included in the correspondence, (2) that the electronic copy is protected with strong encryption (e.g., 256 bit encryption using public key/private key access), (3) the computer from which the copy of the source code is accessed or viewed is a secured individual computer accessed only by an individual qualified to view source code under the provisions of this protective order, (4) no unencrypted copy of the source code is created or viewed on a publicly accessible computer or storage medium, or on a computer that is network accessible beyond the time the source code is viewed for purposes of this sentence, (5) the encrypted copy of the source code is not maintained beyond the time reasonably necessary for the purposes of this sentence, and (6) all other applicable provisions of this Protective Order still apply to the electronic copy or image or selected portions of the code.   Images or copies of source code shall not be included in correspondence between the parties (references to production numbers shall be used instead) and shall be omitted from pleadings and other papers except to the extent permitted herein.

m.        Source code will only be made available to individuals specified in Paragraph 8(a)-(f), excluding legal translators.  Source code may not be disclosed to in-house counsel.

## **PROSECUTION BAR**

10. "PROSECUTION BAR MATERIALS" refers to CONFIDENTIAL ATTORNEYS' EYES ONLY and RESTRICTED CONFIDENTIAL—SOURCE CODE-designated materials produced in this lawsuit. However, the following documents and materials shall not be considered or classified as PROSECUTION BAR MATERIALS: (i) publicly available publications, including patents and published patent applications; (ii) materials regarding third party systems or products that were publicly known, on sale, or in public use; (iii) information that is otherwise publicly available; and (iv) documents and information related solely to damages or reasonably royalty rates.

11. Any person reviewing any of an opposing party's PROSECUTION BAR MATERIALS shall not, for a period commencing upon receipt of such information and ending one year following the conclusion of this case (including any appeals) engage, directly or indirectly, in any PATENT PROCUREMENT ACTIVITY reasonably related to those PROSECUTION BAR MATERIALS that said person received. Furthermore, any person reviewing PROSECUTION BAR MATERIALS shall not, for a period commencing upon receipt of such information and ending one year following the conclusion of this case (including any appeals) engage, directly or indirectly, in any PROSECUTION ACTIVITY involving claims on a method, apparatus, or system that reasonably relates to the PROSECUTION BAR MATERIALS that said person reviewed.

12. PATENT PROCUREMENT ACTIVITY shall mean attempting to obtain a patent or the allowance of claims of a patent, such as by: (1) preparing and/or prosecuting any patent application (or portion thereof), whether design or utility, and either in the United States or abroad; (2) preparing or advising on the scope of patent claim(s) on behalf of a patent applicant, inventor, or assignee of said patent applicant or inventor's rights. PATENT PROCUREMENT

ACTIVITY does not include participation in reexamination proceedings when challenging, or representing a party challenging, a patent through reexamination. Moreover, nothing in this Protective Order shall bar counsel from advising his or her client about the content and applicability of prior art cited to or by the Patent Office during reexamination proceedings so long as counsel is not advising his or her client on amendments to the claims. The parties expressly agree that the PROSECUTION BAR set forth herein shall be personal to any attorney who reviews PROSECUTION BAR MATERIALS and shall not be imputed to any other persons or attorneys at the attorney's law firm. It is expressly agreed that attorneys who work on this matter without reviewing certain PROSECUTION BAR MATERIAL shall not be restricted from engaging in PATENT PROCUREMENT ACTIVITY on other matters that fall outside of the scope of the PROSECUTION BAR MATERIALS they have received or reviewed. Moreover, nothing in this paragraph shall prevent any attorney from sending Prior Art to an attorney involved in patent prosecution for purposes of ensuring that such Prior Art is submitted to the U.S. Patent and Trademark Office (or any similar agency of a foreign government) to assist a patent applicant in complying with its duty of candor.

### DISCLOSURE OF TECHNICAL ADVISERS

13.     Information designated by the producing party under any category of Protected Information and such copies of this information as are reasonably necessary for maintaining, defending or evaluating this litigation may be furnished and disclosed to the receiving party's technical advisers and their necessary support personnel. The term "technical adviser" shall mean an independent, outside expert witness or consultant with whom counsel may deem it appropriate to consult and whom complies with paragraph 14.

14.     No disclosure of Protected Information to a technical adviser or their necessary support personnel shall occur until that person has accurately completed and signed the form

attached hereto as Attachment A, and a signed copy has been provided to the producing party; and to the extent there has been an objection under paragraph 16, that objection is resolved as discussed below.

15.     A party desiring to disclose Protected Information to a technical adviser shall also give prior written notice to the producing party, who shall have seven (7) business days after such notice is given to object in writing.  The party desiring to disclose Protected Information to a technical adviser must provide the following information for each technical adviser: name, address, curriculum vitae, current employer, and employment (including consulting) history for the past four (4) years, and a listing of cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.  No Protected Information shall be disclosed to such expert(s) or consultant(s) until after the expiration of the foregoing notice period.

16.     A party objecting to disclosure of Protected Information to a technical adviser shall state with particularity the ground(s) of the objection and the specific categories of documents that are the subject of the objection.  The objecting party's consent to the disclosure of Protected Information to a technical adviser shall not be unreasonably withheld.

17.     If after consideration of the objection, the party desiring to disclose the Protected Information to a technical adviser refuses to withdraw the technical adviser, that party shall provide notice to the objecting party.  Thereafter, the objecting party shall move the Court, within seven (7) business days of receiving such notice, for a ruling on its objection.  A failure to file a motion within the seven (7) business day period shall operate as an approval of disclosure of the Protected Information to the technical adviser.  The parties agree to cooperate in good faith to shorten the time frames set forth in this paragraph if necessary to abide by any discovery or briefing schedules.

18.     The objecting party shall have the burden of showing to the Court that the risk of harm that the disclosure would entail (under any safeguards proposed) substantially outweighs the receiving party's need to disclose the Protected Information to its technical adviser. Moreover, failure to object to a Technical Adviser shall not preclude the non-objecting party from later objecting to continued access by that Technical Adviser where facts suggesting a basis for objection could not have been discovered by the objecting party or its counsel, exercising due diligence, within the period for making a timely objection.  A later objection to a Technical Advisor cannot be made on the basis of information disclosed pursuant to Paragraphs 13-14, except to the extent that said disclosure contained a material omission or misrepresentation.  If a later objection is made, no further Protected Information shall be disclosed to the Technical Adviser until the matter is resolved by the court or the Producing Party withdraws its objection. If an objection is made, the parties shall meet and confer within three (3) court days; and, if not resolved, the Producing Party shall move for a protective order precluding the disclosure of the Protected Information to the Technical Adviser within two (2) court days after the meet and confer.

## CHALLENGES TO CONFIDENTIALITY DESIGNATIONS

19.     The parties shall use reasonable care when designating documents or information as Protected Information. Nothing in this Order shall prevent a receiving party from contending that any documents or information designated as Protected Information have been improperly designated.  A receiving party may at any time request that the producing party cancel or modify the Protected Information designation with respect to any document or information contained therein.

20.     A party shall not be obligated to challenge the propriety of a designation of any category of Protected Information at the time of production, and a failure to do so shall not

preclude a subsequent challenge thereto.  Such a challenge shall be written, shall be served on counsel for the producing party, and shall particularly identify the documents or information that the receiving party contends should be differently designated.  The parties shall use their best efforts to resolve promptly and informally such disputes.  If an agreement cannot be reached, the receiving party shall request that the Court cancel or modify a designation.  The burden of demonstrating the confidential nature of any information shall at all times be and remain on the designating party.

21.     Until a determination by the Court, the information in issue shall be treated as having been properly designated and subject to the terms of this Order.

## LIMITATIONS ON THE USE OF PROTECTED INFORMATION

22.     All Protected Information shall be held in confidence by each person to whom it is disclosed, shall be used only for purposes of this litigation, shall not be used for any business purpose, and shall not be disclosed to any person who is not entitled to receive such information as herein provided.  All produced Protected Information shall be carefully maintained so as to preclude access by persons who are not entitled to receive such information.

23.     Except as may be otherwise ordered by the Court, any person may be examined as a witness at depositions and trial and may testify concerning all Protected Information of which such person has prior knowledge.  Without in any way limiting the generality of the foregoing:

a.      A present or former director, officer, employee of a producing party may be examined and may testify at deposition or trial concerning all Protected Information which has been produced by that party and either (1) identifies on its face the director, officer, and/or employee as an author or recipient; (2) concerns a subject matter of which the director, officer and/or employee has knowledge; or (3) concerns a topic about which said director, officer, and/or employee has been identified or designated to testify regarding.

b.       Non-parties may be examined or testify at deposition or trial concerning any document containing Protected Information of a producing party which appears on its face or from other documents or testimony to have been received from or communicated to the non-party as a result of any contact or relationship with the producing party or a representative of the producing party, but may not retain originals or copies of such Protected Information or any notes or transcripts reflecting such Protected Information, other than for the limited period of time necessary to review any deposition transcripts and make corrections.  Any person other than the witness, his or her attorney(s), or any person qualified to receive Protected Information under this Order shall be excluded from the portion of the examination concerning such information, unless the producing party consents to persons other than qualified recipients being present at the examination.  If the witness is represented by an attorney who is not qualified under this Order to receive such information, then prior to the examination, the producing party shall request that the attorney provide a signed statement, in the form of Attachment A hereto, that he or she will comply with the terms of this Order and maintain the confidentiality of Protected Information disclosed during the course of the examination.  In the event that such attorney declines to sign such a statement prior to the examination, the Designating Party, by its attorneys, shall seek a protective order from the Court, in its discretion, prohibiting the attorney from disclosing Protected Information.

24.       All transcripts of depositions, exhibits, answers to interrogatories, pleadings, briefs, and other documents submitted to the Court which have been designated as Protected Information, or which contain information so designated, shall be filed under seal in a manner prescribed by the Court for such filings.

25. Outside attorneys of record for the parties are hereby authorized to be the persons who may retrieve confidential exhibits and/or other confidential matters filed with the Court upon termination of this litigation without further order of this Court, and are the persons to whom such confidential exhibits or other confidential matters may be returned by the Clerk of the Court, if they are not so retrieved. No material or copies thereof so filed shall be released except by order of the Court, to outside counsel of record, or as otherwise provided for hereunder. Notwithstanding the foregoing and with regard to material designated as RESTRICTED CONFIDENTIAL—SOURCE CODE, the provisions of Section C (titled "Information Designated Restricted Confidential – Source Code") are controlling to the extent those provisions of Section C differ from this paragraph.

26. Protected Information shall not be copied or otherwise produced by a receiving party, except for transmission to qualified recipients, without the written permission of the producing party, or, in the alternative, by further order of the Court. Nothing herein shall, however, restrict a qualified recipient from making working copies, abstracts, digests and analyses of Protected Information for use in connection with this litigation, and such working copies, abstracts, digests and analyses shall be deemed Protected Information under the terms of this Order. Further, nothing herein shall restrict a qualified recipient from converting or translating Protected Information (other than RESTRICTED CONFIDENTIAL - SOURCE CODE material) into machine readable form for incorporation into a data retrieval system used in connection with this action, provided that access to that Protected Information, in whatever form stored or reproduced, shall be limited to qualified recipients. Conversion or translation of RESTRICTED CONFIDENTIAL – SOURCE CODE material into machine readable form shall be governed by the provisions set forth in paragraph 9(l) of this Protective Order.

27. At the request of any party, the original and all copies of any deposition transcript, in whole or in part, shall be marked "CONFIDENTIAL, CONFIDENTIAL ATTORNEYS' EYES ONLY" and/or "RESTRICTED CONFIDENTIAL—SOURCE CODE" by the reporter. This request may be made orally during the deposition or in writing within seven (7) business days of receipt of the final certified transcript. Deposition transcripts shall be treated as CONFIDENTIAL ATTORNEYS' EYES ONLY until the expiration of the time to make a confidentiality designation. Any portions so designated shall thereafter be treated in accordance with the terms of this Order.

28. Where Protected Information is used at trial, it is the burden of the Designating Party whose documents or materials are being used to make arrangements with the Court to ensure that its Protected Information remains confidential. However, where Protected Information is to be used at trial by a party other than the Designating Party, the Designating Party must be notified at least 10 days before trial, so that the Designating Party is able to make arrangements with the Court to ensure that its Protected Information remains confidential. Service of trial exhibit lists or other pretrial disclosure documents identifying Protected Information to be used at trial shall constitute sufficient notice of intent to use Protected Information pursuant to this paragraph.

## NONPARTY USE OF THIS PROTECTIVE ORDER

29. A nonparty producing information or material voluntarily or pursuant to a subpoena or a court order may designate such material or information as Protected Information pursuant to the terms of this Protective Order.

30. A nonparty's use of this Protective Order to protect its Protected Information does not entitle that nonparty access to the Protected Information produced by any party in this case.

## NO WAIVER OF PRIVILEGE

31.     Nothing in this Protective Order shall require production of information that a party contends is protected from disclosure by the attorney-client privilege, the work product immunity or other privilege, doctrine, right, or immunity.  If information subject to a claim of attorney-client privilege, work product immunity, or other privilege, doctrine, right, or immunity is nevertheless inadvertently or unintentionally produced, such production shall in no way prejudice or otherwise constitute a waiver or, or estoppel as to, any such privilege, doctrine, right or immunity.  If any party inadvertently or unintentionally produces materials protected under the attorney-client privilege, work product immunity, or other privilege, doctrine, right, or immunity, any holder of that privilege, right, or immunity may obtain the return of those materials by notifying the recipient(s) promptly after the discovery of the inadvertent or unintentional production and providing a privilege log for the inadvertently or unintentionally produced materials.  The recipient(s) shall gather and return all copies of the privileged or immune material to the producing party, except for any pages containing privileged markings by the recipient, which pages shall instead be destroyed and certified as such by the recipient to the producing party.  Nothing herein shall prevent the Receiving Party from challenging the propriety of the attorney-client privilege or work product immunity or other applicable privilege or immunity designation (based on information independent of the snapped-back content of the allegedly privileged materials in question) by submitting a written challenge to the Court. Notwithstanding this provision, no person is required to delete information that may reside on the respective person's electronic back-up systems that are over-written in the normal course of business.

## **MISCELLANEOUS PROVISIONS**

32.     Any of the notice requirements herein may be waived, in whole or in part, but only in writing signed by an outside counsel of record for the party against whom such waiver will be effective.

33.     Inadvertent or unintentional production of documents or things containing Protected Information which are not designated as one or more of the three categories of Protected Information at the time of production shall not be deemed a waiver, in whole or in part, of a claim for confidential treatment.  The producing party shall notify the receiving parties promptly after the discovery of the error in writing and, with respect to documents, provide replacement pages bearing the appropriate confidentiality legend.  In the event of any unintentional or inadvertent disclosure of Protected Information other than in a manner authorized by this Protective Order, counsel for the party responsible for the disclosure shall immediately notify opposing counsel of all of the pertinent facts, and make every effort to further prevent unauthorized disclosure including, retrieving all copies of the Protected Information from the recipient(s) thereof, and securing the agreement of the recipients not to further disseminate the Protected Information in any form.  Compliance with the foregoing shall not prevent the producing party from seeking further relief from the Court.

34.     Within sixty (60) days after the entry of a final non-appealable judgment or order, or the complete settlement of all claims asserted against all parties in this action, each party shall, at the option of the receiving party, either return or destroy all physical objects and documents which embody Protected Information it has received, and shall destroy in whatever form stored or reproduced, all physical objects and documents, including but not limited to, correspondence, memoranda, notes and other work product materials, which contain or refer to any category of Protected Information.  All Protected Information not embodied in physical objects and

documents shall remain subject to this Order. Notwithstanding this provision, no person is required to delete information that may reside on the respective person's electronic back-up systems that are over-written in the normal course of business. Notwithstanding the foregoing, outside counsel shall be entitled to maintain copies of all correspondence, pleadings, motions and trial briefs (including all supporting and opposing papers and exhibits thereto), written discovery requests and responses (and exhibits thereto), deposition transcripts (and exhibits thereto), trial transcripts, and exhibits offered or introduced into evidence at any hearing or trial, and their attorney work product which refers or is related to any CONFIDENTIAL and CONFIDENTIAL ATTORNEYS' EYES ONLY information for archival purposes only, except such outside counsel shall not retain any RESTRICTED CONFIDENTIAL - SOURCE CODE materials. If a party destroys Protected Information, the destruction must be by means satisfactory to the producing party, and the party must provide a Certificate of Destruction to the producing party.

35.     If at any time documents containing Protected Information are subpoenaed by any court, arbitral, administrative or legislative body, the person to whom the subpoena or other request is directed shall immediately give written notice thereof to every party who has produced such documents and to its counsel and shall provide each such party with an opportunity to object to the production of such documents. If a producing party does not take steps to prevent disclosure of such documents within ten (10) business days of the date written notice is given, the party to whom the referenced subpoena is directed may produce such documents in response thereto.

36.     This Order is entered without prejudice to the right of any party to apply to the Court at any time for additional protection, or to relax or rescind the restrictions of this Order, when convenience or necessity requires. Furthermore, without application to this Court, any

party that is a beneficiary of the protections of this Order may enter a written agreement releasing any other party hereto from one or more requirements of this Order, even if the conduct subject to the release would otherwise violate the terms herein.

37. Nothing in this Order shall restrict any party to this lawsuit or its attorneys from disclosing or using, in any manner and for any purpose, its own Protected Information.

38. Nothing in this protective order obligates a party to produce trade secrets, which are neither relevant, nor necessary to prove any claim or defense at trial.

39. Subject to the restrictions of paragraphs 10-11, nothing in this Protective Order shall bar counsel from rendering advice to his or her client with respect to this litigation and, in the course thereof, relying upon any Protected Materials, provided that counsel does not disclose Protected Materials in a manner not specifically authorized under this Protective Order.

40. The United States District Court for the Eastern District of Texas, Marshall Division, is responsible for the interpretation and enforcement of this Agreed Protective Order. After termination of this litigation, the provisions of this Agreed Protective Order shall continue to be binding except with respect to those documents and information that become a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of the Protected Information for enforcement of the provision of this Agreed Protective Order following termination of this litigation. All disputes concerning Protected Information produced under the protection of this Agreed Protective Order shall be resolved by the United States District Court for the Eastern District of Texas, Marshall Division.

41. No party shall be required to identify on their respective privilege log any document or communication dated on or after and/or created on or after the filing of the lawsuit,

which absent this provision, the party would have been obligated to so identify on said privilege log.

42.     Testifying experts shall not be subject to discovery on any draft of their reports in this case and such draft reports, notes, outlines, or any other writings leading up to an issued report(s) in this litigation are exempt from discovery.  In addition, all communications to and from a testifying expert, and all materials generated by a testifying expert with respect to that person's work, are exempt from discovery unless relied upon by the expert in forming any opinions in this litigation.  No discovery can be taken from any consulting expert except to the extent that consulting expert has provided information, opinions or other materials to a testifying expert, who then relies upon such information, opinions or other materials in forming his final report, trial or deposition testimony or any opinion in this case.  Materials, communications and other information exempt from discovery under this Paragraph shall be treated as attorney-work product for the purposes of this litigation and protective order.  Nothing in this Paragraph shall be construed to bar discovery from any current or former employees of any of the parties to this lawsuit, or any other persons with knowledge of relevant facts; provided however that their communications with testifying and/or consulting experts will be treated in accordance with this paragraph.

It is so ORDERED.

SIGNED this 3rd day of September, 2008.


_____
CHARLES EVERINGHAM IV
UNITED STATES MAGISTRATE JUDGE

NORTHEASTERN UNIVERSITY

AGREED: /s/ Michael Valek_____

Its:      Attorney of Record

Dated:    September 2, 2008_____


JARG CORPORATION

AGREED: /s/ Michael Valek_____

Its:      Attorney of Record

Dated:    September 2, 2008_____


GOOGLE INC.

AGREED: /s/ Jason Wolff (by permission)___

Its       Attorney of Record

Dated:    September 2, 2008_____

| | |
|---|---|
| NORTHEASTERN UNIVERSITY and JARG CORPORATION, | |
| Plaintiffs, | Case No. 2:07-cv-486 (TJW) |
| v. | **JURY TRIAL DEMANDED** |
| GOOGLE INC., | |
| Defendant. | |

## ATTACHMENT A TO THE AGREED PROTECTIVE ORDER

## CONFIDENTIALITY AGREEMENT

I reside at _____.

My present employer is _____.

1.      My present occupation or job description is _____.

2.      I am an inventor, applicant, assignee, and/or involved in the filing or prosecution of the following patents and patent applications (identify by number, country, and subject matter if not published): _____.

3.      I have read the Agreed Protective Order dated _____, 2008, and have been engaged as _____ on behalf of _____ in connection with the litigation styled Northeastern University and Jarg Corporation v. Google, Inc.

4.      I am fully familiar with and agree to comply with and be bound by the provisions of said Order.  I understand that I am to retain all copies of any documents designated as CONFIDENTIAL, CONFIDENTIAL ATTORNEYS' EYES ONLY and/or RESTRICTED CONFIDENTIAL-SOURCE CODE information in a secure manner, and that all copies are to remain in my personal custody until I have completed my assigned duties, whereupon the copies and any writings prepared by me containing any CONFIDENTIAL, CONFIDENTIAL ATTORNEYS' EYES ONLY and/or RESTRICTED CONFIDENTIAL-SOURCE CODE information are to be returned to counsel who provided me with such material or destroyed as directed by such counsel.

5.      I will not divulge to persons other than those specifically authorized by said Order, and will not copy or use except solely for the purpose of this action, any information obtained pursuant to said Order, except as provided in said Order.  I also agree to notify any stenographic or clerical personnel who are required to assist me of the terms of said Order.

6.      In accordance with paragraph 15 of the Agreed Protective Order, I have attached my curriculum vitae, current employer, and employment (including consulting) history for the past four (4) years, and a listing of cases in which I have testified as an expert at trial or by deposition within the preceding four years.

7.      I will notify all parties in this litigation of any changes in my employment status, including any new consulting engagements, during the pendency of this litigation.

8.      I agree that I will not use confidential information obtained pursuant to said Order to assist any party for any purpose, including but not limited to assisting any competitor of any party in this case in the field of search engines, except as provided in said Order.

9. I state under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on _____, 20__.

_____