IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| NORTHEASTERN UNIVERSITY and<br>JARG CORPORATION<br><br>        Plaintiffs,<br><br>  v.<br><br>GOOGLE INC.<br><br>        Defendant. | Civil Action No. 2:07-CV-486-CE<br><br>JURY TRIAL<br><br>Oral Hearing Requested |

## GOOGLE INC.'S REPLY RE MOTION TO COMPEL 30(b)(6) DEPOSITION TESTIMONY FROM JARG CORPORATION AND NORTHEASTERN UNIVERSITY

The two deposition transcripts at issue make it clear that Plaintiffs obstructed discovery by offering up grossly unprepared witnesses and making improper privilege objections. Instead of demonstrating that their witnesses were prepared to testify about noticed topics (they were not; the witnesses could not speak about the facts supporting Plaintiffs' infringement contentions or the Google papers they cite, the patent, its file history, or anything else of substance beyond the express language in their P. R. 3-1(c) chart), the Opposition focuses almost entirely on the strained premise that the only possible way to answer Google's questions about the facts and bases underlying Plaintiffs' P.R. 3-1 infringement contentions was to prematurely reveal their claim construction positions. The Opposition fails to provide any factual or legal bases for Plaintiffs' improper privilege claims and their inability to field a properly prepared witness.

Just as in *MyMail, Ltd. v. America Online, Inc.*, No. 6:04-CV-189, slip. op. (E.D. Tex. Sep. 28, 2004) —a case Plaintiffs fail to distinguish— Plaintiffs' refusal to comply with legitimate, basic discovery regarding their infringement contentions warrants an order compelling them to produce competent 30(b)(6) witnesses on the noticed topics and to reimburse Google for its costs and fees for the earlier depositions.

I. **PLAINTIFFS' PRIVILEGE OBJECTIONS OBSTRUCTED DISCOVERY**
    A. **Plaintiffs Fail To Show That The Information Is Privileged**

While admitting that their ultimate goal is to delay discovery (Opp. at 15), Plaintiffs advance the cryptic contention that they asserted "privilege only to the limited 'extent' Google's questioning implicated it" (*id*. at 3-4). Plaintiffs fail, however, to explain how privilege bars questions about the meaning of and bases for their infringement contentions, or why questions seeking information to explain that which is not clear from, is missing from, or is self-contradictory in the text of the contentions are improper. (Mtn. at 10-12; Belanger Tr. at 204:13-205:18; Pirri Tr. at 26:9-17, 48:17-24.) Nor do Plaintiffs explain why their understanding of language used in the infringement contentions would constitute work product. (Mtn. at 7.)

Rather than substantiating their myriad claims of privilege, Plaintiffs assert that Northeastern's 30(b)(6) witness answered a handful of questions about the basis for filing the

1

Complaint.[1] (Opp. at 9.) These answers do not cure improper privilege objections to other questions about the contentions, and certainly do not excuse Jarg's witness from providing non-privileged information. Bare facts do not become privileged simply by virtue of their being communicated to counsel, and Plaintiffs' failure to factually support their privilege and work product claims is fatal to those objections. *See Reedhycalog U.K., Ltd. v. Baker Hughes Oilfield Operations Inc.*, 251 F.R.D. 238, 241-42 (E.D. Tex. 2008). Google has no obligation to refute the privilege since Plaintiffs fail to carry their burden of showing any privilege applies.

### B. *Garmin* Does Not Justify Plaintiffs' Privilege Objections

Plaintiffs' reliance on *Garmin Ltd. v. TomTom, Inc.*, 2007 WL 2903843 (E.D. Tex. Oct. 3, 2007) to characterize their privilege objections as "reasonable" is misplaced. (Opp. at 3.) The *Garmin* court *disapproved* of plaintiff's tactics for delaying discovery, and compelled production of a 30(b)(6) witness to testify to "facts surrounding how Garmin determined TomTom was infringing" and Garmin's infringement contentions. 2007 WL 2903843 at **8-9. The same remedy is warranted here. Although the *Garmin* court noted that privilege objections during depositions sometimes may be reasonable, it assumed the existence of an actual privilege worthy of protection. *Id*. at *9. Where no privilege applies, *Garmin* makes clear that "one party may not unilaterally decide when to withhold discovery," especially as to infringement contentions that are considered "final . . . unless Patent Rule 3-6 allows for later amendment." *Id*. at *8.

### C. Plaintiffs' Arguments Under P. R. 2-5(a) Are Misplaced

Plaintiffs err in claiming that the depositions were limited to claim constructions. The depositions were directed to the facts and circumstances supporting their P. R. 3-1 disclosures and infringement allegations, as the notices clearly recite. Plaintiffs rely on the canard that

---

[1] Notwithstanding the few questions answered by Northeastern's witness, Plaintiffs did not, in fact, provide full and complete testimony regarding their bases for filing the Complaint and did not prepare their witnesses to testify on this subject as required by Rule 30(b)(6). Northeastern's witness was instructed not to answer questions about the bases for the Complaint at the time it was filed (Pirri Tr. at 17:24-19:2, 61:1-15), and Jarg's witness was unable to testify as to whether Jarg read the patent-in-suit or its file history, performed claim construction analysis, compared the claims of the patent to the accused products, or even identified the present versions of the accused products before filing suit (Belanger Tr. at 64:7-65:24, 66:17-67:7, 68:19-70:11, 96:6-19). Jarg's witness identified its CEO, Michael Belanger, and Northeastern employee Ken Baclawski, as more knowledgeable about the factual bases underlying the Complaint. (*Id*. at 50:15-51:14, 70:3-11, 96:13-19.)

2

answering Google's questions would require them to prematurely reveal claim construction positions, contrary to P. R. 2-5(a). If this argument had merit, then no infringement (or invalidity) contentions would have to be served until after the parties served claim construction positions. Just as Jarg's CEO was able to explain its case to the media shortly after filing (Mtn. at 1, Exhs. A, B), Plaintiffs should have been prepared to testify on noticed topics, such as explaining the breadth of their claims as applied in their infringement contentions, the arguments made during prosecution as they apply to their infringement contentions, and the basic facts as to how the allegedly infringing products satisfy those claims (including any assumptions made about the operation of those products). Plaintiffs were, however, unable to explain their infringement contentions in *any* context. That some scintilla of requested information might also relate to claim construction is not a proper basis for a wholesale bar to discovery, particularly when such claim construction positions are subject to discovery in any event. Plaintiffs should be compelled to answer the questions posed, and doing so will not deprive them of their full right to offer claim constructions at a later time.

Plaintiffs have no grounds for evading discovery on infringement contentions at this procedural stage. The Civil Local Rules only permit instructions not to answer based on Fed. R. Civ. P. 30(d)(1), and improper instructions not to answer a question because it seeks a claim construction are "antithetical to the Court's policy on open discovery" and have resulted in sanctions. L. R. CV-30; *Mass Engineered Design, Inc. v. Ergotron, Inc.*, No. 2:06-CV-00272, slip op. (E.D. Tex. Jan. 8, 2008) at 1-3 (unpublished opinion). As the Patent Local Rules require, Plaintiffs served their presumptively-final infringement contentions before 30(b)(6) depositions commenced, and Google is entitled to discovery on them.[2] While Plaintiffs now argue they could not provide "highly specified" contentions without first viewing Google's production

---

[2] Plaintiffs cannot successfully recast questions about the meaning of terms they chose to use in their infringement contentions as premature claim construction discovery. (Opp. at 12-14, Exh. A.) The questions listed in Exhibit A sought to elicit Plaintiffs' understanding of the patent as applied to allegedly infringing technology cited in their own contentions, not Plaintiffs' positions on matters of claim construction. *Jacobs Chuck Mfg.* (Opp. at 15 n. 66) is inapposite, as defendants in that case sought information not already subject to mandatory disclosure under the patent local rules (inaccuracies in defendants' invalidity contentions). (Opp. Exh. E at 1.)

(Opp. at 10), their contentions were based on public documents concerning Google's technology that they should be able to discuss without further discovery.[3] Plaintiffs were unable to do so, particularly where their contentions failed to address basic structural elements of the claims allegedly infringed by Google, without regard to the underlying construction. (Mtn. at 13 n.1 (discrepancy between claim requirement that home node hashes a query fragment and infringement contention's description of hashing by a query node); Belanger Tr. at 155:15-162:5; Pirri Tr. at 36:7-14.) Plaintiffs chose to litigate in this district, and must abide by the Court's rules favoring "liberal, open and forthright discovery." *Garmin*, 2007 WL 2903843 at *8.[4]

## II. PLAINTIFFS PRESENTED UNPREPARED 30(B)(6) WITNESSES

Plaintiffs' witnesses were completely unprepared to testify to the noticed topics. (Mtn. at 13.) While arguing that some foundational questions were outside the noticed scope (Opp. at 4-7) and that the witnesses had not seen Google's documents (*id*. at 10-12), Plaintiffs fail to show their witnesses were prepared to answer questions on the <u>noticed</u> topics. Google's production is irrelevant since the Complaint and infringement contentions were created before documents were produced.

While Plaintiffs must surely understand their own patent and how they believe it applies to the accused products, their witnesses admitted they were unqualified to discuss the patent or the allegedly infringing technology. (Pirri Tr. at 45:10-18, 51:12-24, 65:15-66:4; Belanger Tr. at 64:7-65:24, 66:17-19, 69:25-70:11, 72:4-12.) The witnesses had never seen the references cited in Plaintiffs' infringement contentions. (Pirri Tr. at 13:13-14:4, 19:8-20:4, 20:24-21:6, 25:6-14, 32:23-33:3, 34:12-25, 35:16-18; Belanger Tr. at 127:13-128:3, 128:16-129:20, 132:18-134:13.) They were even uncertain if there were embodiments of the patent before it was filed (a

---

[3] Plaintiffs nonsensically argue that their infringement contentions were themselves "the factual basis for the infringement allegations in the [C]omplaint" (Opp. at 8 (emphasis omitted)), when in fact those contentions were prepared long *after* the Complaint was filed.

[4] Plaintiffs' protests of prematurity and a "tactical ploy" regarding Google's discovery efforts ring particularly hollow since Plaintiffs served Google with an interrogatory seeking all factual bases for Google's non-infringement contentions *before* even serving their infringement contentions or identifying which claims they were asserting. (Exh. N at 7 (Rog. No. 6).) Google, in contrast to Plaintiffs, supplied a substantive response to this interrogatory and identified facial deficiencies in Plaintiffs' P. R. 3-1(c) chart. (Exh. O at 10-11.)

4

disclosure required by P. R. 3-1(f)), and had never read the file history. (Belanger Tr. at 22:3-5, 124:11-126:15; Pirri Tr. at 12:3-13, 29:3-23.)

The Opposition supplies no explanation as to why Plaintiffs' witnesses were so poorly informed about the noticed topics and prepared only to read the infringement contentions into the record. (Mtn. at 13.) Plaintiffs also fail to explain why Northeastern's witness had not seen the infringement contentions before his deposition, could not substantively testify about them, and did not understand basic elements of the patent-in-suit. (*Id*. at 14.) While Jarg's witness pointed to others as more knowledgeable (Belanger Tr. at 68:12-18, 69:25-70:11, 96:13-19, 124:11-126:15, 133:11-134:13), Plaintiffs purposefully chose witnesses who were unprepared to testify to the noticed topics. Jarg even offered its outside lawyer to testify, effectively turning its deposition into a cherry-picking exercise in which the witness could object that his answer to almost any question was privileged. (*Id*. at 60:21-63:15, 104:2-16, 106:22-108:9, 135:18-136:8.)

### III. PLAINTIFFS' IMPROPER INSTRUCTIONS WARRANT SANCTIONS

The deposition transcripts show that Plaintiffs sent grossly under-prepared witnesses to address the noticed topics and misused privilege objections, and their outside lawyer, to shield the witnesses and non-privileged material from discovery. Despite their erroneous denials in the Opposition (Opp. at 4), Plaintiffs issued over one hundred instructions not to answer (95 to Belanger and 9 to Pirri), many of which were wholly improper. Sanctions are warranted here. Plaintiffs state that Google could have moved to strike their contentions instead of moving to compel. As a compromise solution, and since Plaintiffs believe their P. R. 3-1 disclosures are more than sufficient (Opp. at 2), Google alternatively asks for an order precluding Plaintiffs from adding any new infringement theory to their contentions and precluding further testimony by Plaintiffs on the noticed topics. An alternative proposed order is attached.

### IV. CONCLUSION

Google thus respectfully requests (1) an order compelling Plaintiffs to provide competent 30(b)(6) witnesses on the noticed topics and to reimburse Google for costs and fees associated with the obstructed 30(b)(6) depositions, or (2) the alternative relief in the attached order.

Dated: December 31, 2008　　　　　　　　　　Respectfully submitted,

FISH & RICHARDSON P.C.


By: */s/ Shelley K. Mack*
　　Michael E. Jones (SBN 10929400)
　　mikejones@potterminton.com
　　POTTER MINTON
　　A Professional Corporation
　　110 N. College, Suite 500
　　Tyler, TX 75702
　　Telephone: (903) 597-8311
　　Facsimile: (903) 593-0846

　　Ruffin B. Cordell (SBN 04820550)
　　cordell@fr.com
　　FISH & RICHARDSON P.C.
　　1425 K Street, N.W., 11th Floor
　　Washington, DC 20005-3500
　　Telephone: (202) 783-5070
　　Facsimile: (202) 783-2331

　　Jason W. Wolff (CA SBN 215819)
　　wolf@fr.com
　　FISH & RICHARDSON P.C.
　　12390 El Camino Real
　　San Diego, CA 92130
　　Telephone: (858) 678-5070
　　Facsimile: (858) 678-5099

　　Howard G. Pollack (*Admitted Pro Hac Vice*)
　　pollack@fr.com
　　Shelley K. Mack (*Admitted Pro Hac Vice*)
　　mack@fr.com
　　Jerry T. Yen (CA SBN 247988)
　　yen@fr.com
　　FISH & RICHARDSON P.C.
　　500 Arguello Street, Suite 500
　　Redwood City, CA 94063
　　Telephone: (650) 839-5070
　　Facsimile: (650) 839-5071

Attorneys for Defendant
GOOGLE INC.

# CERTIFICATE OF SERVICE

 The undersigned hereby certifies that on December 31, 2008, a true and correct copy of GOOGLE INC.'S REPLY RE MOTION TO COMPEL 30(b)(6) DEPOSITION TESTIMONY FROM JARG CORPORATION AND NORTHEASTERN UNIVERSITY was served on all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system pursuant to Local Rule CV-5(a)(3).

                 /s/ Shelley K. Mack
                 Shelley K. Mack