IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| NORTHEASTERN UNIVERSITY and JARG CORPORATION, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | CIVIL ACTION NO. 2:07-CV-486-CE |
| GOOGLE INC., | § § | |
| Defendant. | § | |

## NORTHEASTERN UNIVERSITY AND JARG CORPORATION'S SUR-REPLY IN OPPOSITION TO GOOGLE INC.'S MOTION TO COMPEL

David B. Weaver
Christopher V. Ryan
Michael Valek
R. Floyd Walker
Stephen C. Stout
VINSON & ELKINS L.L.P.
2801 Via Fortuna, Suite 100
Austin, Texas 78746
Tel: 512.542.8400
Fax: 512.236.3338

William B. Dawson
VINSON & ELKINS L.L.P.
2001 Ross Avenue, Suite 3700
Dallas, Texas 75201-2975
Tel: 214.220.7926
Fax: 214.999.7926

Otis W Carroll, Jr.
Collin Maloney
IRELAND CARROLL & KELLEY
6101 S Broadway, Suite 500
Tyler, TX 75703
Tel: 903.561.1600
Fax: 903.581.1071

JONES & JONES, INC. P.C.
201 W Houston St., PO Drawer 1249
Marshall, TX 75671-1249
Tel: 903.938.4395
Fax: 903.938.3360

*Attorneys for Plaintiffs Northeastern University and Jarg Corporation*

Northeastern University and Jarg Corporation submit this sur-reply in opposition to Google Inc.'s motion to compel to demonstrate that (i) Google's real aim is claim construction "admissions," and the use of Rule 30(b)(6) at this stage for that purpose is contrary to not only P.R. 2-5(a), but also settled principles of patent law and procedure, (ii) Northeastern and Jarg's measured reliance on the attorney-client privilege during these depositions was appropriate, and (iii) in the Northern District of California, where the courts have practiced under similar local patent rules for many years, Google's use of Rule 30(b)(6) is wisely prohibited, and the Courts in this District would be well-served to hold likewise.[1]

### GOOGLE'S AIM IS CLAIM CONSTRUCTION, AND SUCH DISCOVERY IS IMPROPER

Google (p. 1) chides that Northeastern and Jarg "fail to distinguish" *MyMail, Ltd. v. America Online, Inc.*,[2] a case in which Google's counsel fended off a motion for protective order and were permitted to take a 30(b)(6) deposition on identical topics. Just as Google suggests that it is "*not* [after] Plaintiffs' positions on matters of claim construction,"[3] in *MyMail*, these topics were portrayed as a straightforward inquiry into the "facts."[4] "What could be more simple?" Google asked.[5] "Delaying discovery into the basis for those contentions," Google argued, would be a "bald attempt to obfuscate, delay, and hide the ultimate *factual basis* for its cause of action

---

[1] The materials submitted with this sur-reply are: (i) AOL's Reply to Plaintiff MyMail, Ltd.'s Response in Opposition to AOL's Emergency Motion to Compel (*"AOL's Reply"*) (*Exhibit A*) and (ii) excerpts from Defendant America Online, Inc.'s Claim Construction Brief (*"AOL's Brief"*) (*Exhibit B*), both filed in *MyMail, Ltd. v. America Online, Inc.*, No. 6:04-CV-189 (E.D. Tex.).

[2] No. 6:04-CV-189, slip op. at 3 (E.D. Tex. Sept. 28, 2004) (attached to Google's Motion, Document 47-9).

[3] Google's Reply at 3 n.2 (emphasis added).

[4] In an attempt to justify the need to examine the "factual basis" of the infringement contentions, Google manufactures confusion where there is none. Although they have not challenged the sufficiency of the contentions, Google feigns confusion over which node performs the required "hashing." Jarg's witness affirmed that under Plaintiffs' First Infringement Contention, Google's Web Servers and Index Servers satisfy the home node limitation and that Google's Document Servers satisfy the query node limitation. *See* Jarg. Dep. 142:5-21. The Infringement Contentions themselves resolve the matter: "Google's process of transforming the query fragments into hashed query fragments (docids) literally meets this element of the claim." Document 47-11 at Ex. A, 4 (filed with Google's Motion).

[5] AOL's Reply at 1 (emphasis added); *see also id.* ("The noticed topics focus on the basis and foundation of MyMail's infringement contentions.").

against AOL."[6] But MyMail's witness, like Northeastern's and Jarg's 30(b)(6) designees, was quizzed not just about the facts, but also about the meaning of claim terms, and where the witness' answers suited Google's counsel, they were then trumpeted in AOL's claim construction briefs as MyMail's "*admissions*" about the scope of the patent's claims.[7]

Thus, the lesson from *MyMail* is that these 30(b)(6) deposition topics are a Trojan horse. If Google had announced its intention to question the designees on their "understanding" of the "meaning" of the '593 patent's claims and "the arguments made during prosecution as they apply to [Northeastern and Jarg's] infringement contentions,"[8] as Rule 30(b)(6) requires, Northeastern and Jarg would have sought a protective order. P.R. 2-5(a) authorizes such relief with regard to premature "[r]equests seeking to elicit a party's claim construction position."

Even if Google's 30(b)(6) topics were not a ruse, and even without the protections of P.R. 2-5(a), Google's questions regarding the "Plaintiffs' understanding of the patent"[9] are inappropriate:

- What the '593 patent's claims mean "is a question of law for the court to decide."[10] Thus, Northeastern's and Jarg's "understanding" of their meaning will neither expand nor limit the claims, despite the portrayal of such testimony as "admissions" in *MyMail*.

- It is axiomatic the "intrinsic" record is the best evidence in the claim construction inquiry,[11] meaning extrinsic evidence plays a limited role, and then only "testimony on how

---

[6] *Id.*

[7] See AOL's Brief at 21 ("MyMail has *repeatedly admitted* that a significant aspect of an NSP is its ability to grant the user access to the Internet directly from a modem bank at a local POP. *See, e.g.,* MyMail 30(b)(6) Depo. of Thomas Selgas (9/16/04) at 100-103 . . . . 30(b)(6) Depo. of Thomas Selgas (10/27/04) at 305, 333-35, Exh. 10. Accordingly, an NSP is a provider of network services that grants its customers Internet access directly from a modem bank at a local POP") (emphasis added); *see also id* at n.7 ("These *admissions* contradict MyMail's argument that an NSP does not have to provide Internet access. Each of the claims recite that user communicates with an ASP, which is an Internet entity. For users to communicate with the ASP via the NSP, the NSP must grant the users access to the Internet.") (emphasis added; citations omitted).

[8] Google's Reply at 3.

[9] *Id.* at 3. n.2.

[10] *Trinity Industries, Inc. v. Road Systems, Inc.*, 121 F. Supp. 2d 1028, 1033 (E.D. Tex. 2000).

people *skilled in the art* would understand technical terms in the claims" is appropriate.[12] The person of ordinary skill is nothing like a Rule 30(b)(6) designee. The former is a *construct*, "a *hypothetical* person who is presumed to be aware *of all prior art*,"[13] while the latter is limited to the "information known or reasonably available to the organization."[14]

- Thus, Google's questioning puts the cart before the horse, inviting unnecessary skirmishing over what a hypothetical person of ordinary skill would "understand" and whether that "information [is] known or reasonably available to the organization," all before the claims requiring interpretation have been identified and long before any semblance of a need for extrinsic evidence emerges.

### NORTHEASTERN AND JARG PROPERLY ASSERTED THE ATTORNEY-CLIENT PRIVILEGE

In their response (pp. 3-4 & 9-10), Northeastern and Jarg explained that they objected only to the "extent" any question would have called on the witness to disclose privileged information. Google (p. 1) derides this assertion as "cryptic." But the objection tracks Google's stock discovery objection.[15] In any event, Northeastern and Jarg followed the hornbook approach for asserting privilege.[16]

As is universally true in patent litigation, Northeastern and Jarg's infringement contentions were formulated by their counsel. Consequently, when Google pressed Northeastern's and Jarg's 30(b)(6) designees for their "understanding" of claim terms or an

---

[11] *Id.* at 1034.
[12] *In re Omeprazole Patent Litigation*. 490 F. Supp. 2d 381, 418 (S.D.N.Y. 2007) (emphasis added); *see also Trinity Industries, Inc. v. Road Systems, Inc.*, 121 F. Supp. 2d at 1034 ("terms must be given their ordinary and accustomed meaning *to one skilled in the art*.") (emphasis added).
[13] *Custom Accessories Inc. v. Jeffrey-Allan Indus., Inc.*, 807 F.2d 955, 962 (Fed. Cir. 1986) (emphasis added).
[14] FED. R. CIV P. 30(b)(6).
[15] *See, e.g.*, Defendant Google Inc.'s Responses and Objections to Plaintiffs Northeastern University and Jarg Corp.'s Interrogatories 1-8 at 9 (objecting "to the extent [the interrogatory] calls for information protected by the attorney-client privilege and/or work product immunity.") (Document 53-3, attached to Google's Reply).
[16] CHRIS MARTINIAK, HOW TO TAKE AND DEFEND DEPOSITIONS § 7.08 (2007) ("You must be careful to watch for questions to which the witness could inadvertently respond with privileged information. Before he begins to answer, instruct the witness not to reveal any such information when he answers. If the question cannot be answered without revealing privileged information, instruct the witness not to answer."), *available at* 2007 WL 2163154.

explanation of their contentions outside the invalidity contentions themselves, the resulting privilege objections were neither surprising nor inappropriate. Indeed, "it is 'unrealistic to expect a lay witness to be able to give that information' on deposition because the legal aspects involved professional advice."[17] Thus, as Jarg's witness explained when pressed to expand beyond the infringement contentions, "I have said as much as I can about what's in the infringement contentions without getting into privileged documents."[18] Similarly, when Northeastern's designee was asked if he could expand on the infringement contentions without delving into privileged communications and material, he confirmed he would "not be able to" do so.[19]

### THE COURT WOULD BE WELL-SERVED TO FOLLOW THE NORTHERN DISTRICT OF CALIFORNIA'S LEAD

In *McCormick-Morgan, Inc. v. Teledyne Industries, Inc.*,[20] a Northern District of California court explained that, in patent case, "no one human being can be expected to set forth, especially orally in a deposition, a fully reliable and sufficiently complete account of all bases for the contentions made and positions taken by a party . . . ."[21] Echoing some of the points above, the court explained that

> determining what the bases for contentions are in this environment involves complex judgments about the relationship between at least three kinds of things: (1) evidence/facts/events in the real world (outside litigation), (2) "claims" as particularly set forth in the patent in issue and in other patents or other material presented to the patent office, and (3) principles of intellectual property law set forth in statutes and in judicial opinions.[22]

---

[17] Kent Sinclair and Roger P. Fendrich, *Discovering Corporate Knowledge and Contentions: Rethinking Rule 30(b)(6) and Alternative Mechanisms*, 50 ALA. L. REV. 651, 709 (1999) (quoting *Protective Nat'l Ins. Co. v. Commonwealth Ins., Co.*, 137 F.R.D. 267, 282 (D. Neb. 1989)).
[18] Jarg Dep. 157:9-11.
[19] Northeastern Dep. 49:25-50:5.
[20] 134 F.R.D. 275 (N.D. Cal. 1991), *rev'd on other grounds*, 765 F. Supp. 611 (N.D. Cal. 1991).
[21] *Id.* at 286.
[22] *Id.*

A 30(b)(6) deposition is an inadequate vehicle "in cases like these, [because] a substantial part of 'the bases for contentions' really consists of *quasi-legal argument*."[23]

This latter observation resonates here. The Patent Local Rules required Northeastern and Jarg to put their infringement cards on the table in their disclosures. If Northeastern and Jarg's witnesses had expounded on and augmented those contentions in their 30(b)(6) depositions, that would have said more about the inadequacy of the disclosures than the preparedness of the witnesses. Thus, in pressing for a peek at what the designees "understand" the claims to mean or looking for information outside those contentions, the depositions predictably became mired in the "*quasi legal argument*" inherent in these topics. Northeastern and Jarg submit that such questioning and the discovery tussles these 30(b)(6) notices touched off in *MyMail* and *TomTom* point to the wisdom of the Northern District of California's prohibition.[24]

### CONCLUSION AND PRAYER

Northeastern and Jarg again respectfully submit that (i) Google's motion should be denied or (ii) alternatively, any order requiring a second appearance specify what non-privileged "information known or reasonably available" to them on topics described with "reasonable particularity" in the 30(b)(6) notices must be provided by the plaintiffs to Google. Google's alternative proposal is nothing resembling a "compromise solution"; it would (i) strip Northeastern and Google of their amendment rights under P.R. 3-6 and (ii) preclude them from using anything they learned when Google finally produces its system documentation, which it began producing only after the depositions, and then did so under a protective order designation that precludes the 30(b)(6) designees from access to the material.

---

[23] *Id.* (emphasis in original).
[24] *See West v. Jewelry Innovations, Inc.*, 2008 WL 512731, at *5 (N.D. Cal. Feb. 25, 2008) ("As for Topic Nos. 19-23, plaintiff argues that he seeks only the factual basis for Crown Ring's contentions . . . . [O]n this point, *McCormick-Morgan, Inc.* . . . is persuasive. * * * * Accordingly, plaintiff's motion for further deposition on these topics is denied.").

Dated: January 8, 2009

Respectfully submitted,

/s/ David B. Weaver
David B. Weaver (TX Bar No. 00798576)
Christopher V. Ryan (TX Bar No. 24037412)
Michael Valek (TX Bar No.24044028)
R. Floyd Walker (TX Bar No. 24044751)
Stephen C. Stout (TX Bar No. 24060672)
VINSON & ELKINS L.L.P.
2801 Via Fortuna, Suite 100
Austin, Texas 78746
Tel: (512) 542-8400
Fax: (512) 236-3338
E-mail: dweaver@velaw.com
cryan@velaw.com
mvalek@velaw.com
fwalker@velaw.com
sstout@velaw.com

William B. Dawson (Tx Bar No. 05603600)
VINSON & ELKINS L.L.P.
2001 Ross Avenue, Suite 3700
Dallas, Texas 75201-2975
Tel: (214) 220-7926
Fax: (214) 999-7926

Otis W Carroll, Jr. (TX Bar No. 03895700)
Collin Maloney (TX Bar No. 00794219)
IRELAND CARROLL & KELLEY
6101 S Broadway, Suite 500
Tyler, TX 75703
Tel: 903-561-1600
Fax: 903-581-1071
Email: Fedserv@icklaw.com

JONES & JONES, INC. P.C.
201 W Houston St., PO Drawer 1249
Marshall, TX 75671-1249
Tel: 903-938-4395
Fax: 903-938-3360
Email: maizieh@millerfirm.com

***Attorneys for Plaintiffs Northeastern University and Jarg Corporation***

Dated: January 8, 2009

Respectfully submitted,

/s/ David B. Weaver
David B. Weaver (TX Bar No. 00798576)
Christopher V. Ryan (TX Bar No. 24037412)
Michael Valek (TX Bar No.24044028)
R. Floyd Walker (TX Bar No. 24044751)
Stephen C. Stout (TX Bar No. 24060672)
VINSON & ELKINS L.L.P.
2801 Via Fortuna, Suite 100
Austin, Texas 78746
Tel: (512) 542-8400
Fax: (512) 236-3338
E-mail: dweaver@velaw.com
cryan@velaw.com
mvalek@velaw.com
fwalker@velaw.com
sstout@velaw.com

William B. Dawson (Tx Bar No. 05603600)
VINSON & ELKINS L.L.P.
2001 Ross Avenue, Suite 3700
Dallas, Texas 75201-2975
Tel: (214) 220-7926
Fax: (214) 999-7926

Otis W Carroll, Jr. (TX Bar No. 03895700)
Collin Maloney (TX Bar No. 00794219)
IRELAND CARROLL & KELLEY
6101 S Broadway, Suite 500
Tyler, TX 75703
Tel: 903-561-1600
Fax: 903-581-1071
Email: Fedserv@icklaw.com

JONES & JONES, INC. P.C.
201 W Houston St., PO Drawer 1249
Marshall, TX 75671-1249
Tel: 903-938-4395
Fax: 903-938-3360
Email: maizieh@millerfirm.com

***Attorneys for Plaintiffs Northeastern University and Jarg Corporation***

## CERTIFICATE OF SERVICE

I hereby certify that on January 8, 2009, I electronically filed the *Sur-reply in Opposition to Google Inc.'s Motion to Compel* using the CM/ECF system, which electronically mailed notification of such filing to the following:

Allen Franklin Gardner
Michael Edwin Jones
Potter Minton PC
110 N College, Suite 500
PO Box 359
Tyler, TX 75710-0359
allengardner@potterminton.com
mikejones@potterminton.com

Ruffin B Cordell
Fish & Richardson PC
1425 K St, NW, Suite 1100
Washington, DC 20005
cordell@fr.com

Enrique D Duarte
Howard G Pollack
Jerry T. Yen
Shelley K Mack
Fish & Richardson
500 Arguello St., Suite 500
Redwood City, CA 94063
duarte@fr.com
pollack@fr.com
yen@fr.com
mack@fr.com

Francis J Albert
Jason W Wolff
Fish & Richardson
12390 El Camino Real
San Diego, CA 92130
fja@fr.com
wolff@fr.com

/s/ David B. Weaver
David B. Weaver